FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 03, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVE MACHUGH and AMI MACHUGH husband and wife,<br><br>                        Plaintiffs,<br><br>v.<br><br>JETTECH, LLC, a Colorado limited liability company,<br><br>                        Defendant. | NO: 4:17-CV-5201-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION |

BEFORE THE COURT Is a Motion to Dismiss for Lack of Jurisdiction, ECF No. 11, from Defendant Jettech, LLC ("Jettech"). The Court heard oral argument on August 29, 2018. Kenneth Allen Miller appeared on behalf of Plaintiffs Dave MacHugh and Ami MacHugh (the "MacHughs"). Michael L. Poindexter appeared on behalf of Jettech. The Court has considered the parties' arguments, has reviewed the pleadings and the remaining record, and is full informed.

///

///

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 1

## BACKGROUND

*Nature of Suit*

Plaintiffs filed this suit against Jettech alleging a breach of contract, conversion, and deceptive practices under the Washington Consumer Protection Act ("CPA"), Washington Revised Code ("RCW") chapter 19.86. *See* ECF 1-1. In 2015, Mr. MacHugh entered into an agreement with Jettech, on behalf of Plaintiffs, under which Jettech sold several avionics components to Plaintiffs and agreed to install the avionics components on Plaintiffs' aircraft. *See* ECF Nos. 1-1; 11 at 3. Plaintiffs allege that, as part of the transaction, the parties agreed that Plaintiffs would retain the FMS controlhead component after it had been replaced. ECF No. 1-1 at 2. Plaintiffs allege that Jettech failed to return the FMS controlhead component, and that Jettech also failed to completely install the equipment agreed upon in the parties' contract. *Id.*

This action was originally filed in Franklin County Superior Court in the state of Washington. *Id.* Jettech then removed this case to the United States District Court for the Eastern District of Washington pursuant to 28 U.S.C. § 1441(a). *Id.* Jettech now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) asserting that the Court lacks personal jurisdiction over it. *See* ECF No. 11 at 2.

*Subject Matter Jurisdiction*

Jettech filed its Notice of Removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1 at 3–4. Jettech asserts that the amount in

controversy exceeds $75,000, and that Plaintiffs are citizens of a different state than Jettech. *Id.* Plaintiffs' complaint seeks damages for breach of contract, conversion, and deceptive practices under the CPA, which the Court concludes exceeds the $75,000 required for diversity jurisdiction cases. ECF No. 1-2 at 4; ECF No. 11-1 at 5–6 (contract for labor and parts totaling $196,000). Plaintiffs were residents of Franklin County, Washington at the time their cause of action arose. *Id.* at 1. Jettech, LLC, is a limited liability company existing under the laws of the State of Colorado with its principal place of business in Colorado. *Id.*; ECF No. 1 at 4. Therefore, the Court has original subject matter jurisdiction over this matter, as required for removal jurisdiction pursuant to 28 U.S.C. § 1441(a).

## DISCUSSION

### *Legal Standard for Establishing Personal Jurisdiction*

The Due Process Clause protects individuals from the binding judgment of a forum with which they have no meaningful contacts, ties, or relationships. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985). "Due process requires that the defendant be given adequate notice of the suit, and be subject to the personal jurisdiction of the court." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (internal citations omitted). Where there is no federal statute governing personal jurisdiction, the court must apply the jurisdiction law of the forum in which it is situated. *Panavision Inter., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 3

Federal district courts have personal jurisdiction over a defendant who is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). "The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011).

This matter is before the United States District Court for the Eastern District of Washington. Because the Court has subject matter jurisdiction over this matter based on diversity of citizenship, the Court must apply Washington law to determine whether the Court may assert personal jurisdiction against Jettech. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision*, 141 F.3d at 1320. The Court takes all uncontroverted allegations and pleadings as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff must establish jurisdictional facts by a preponderance of the evidence. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

Washington courts, and therefore the federal district courts situated within Washington, consider two forms of personal jurisdiction: general and specific. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014); *Goodyear*, 564 U.S. at 919-923; *Noll v. Am. Biltrite Inc.*, 395 P.3d 1021, 1026 (Wash. 2017). Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

*Jettech is Not Subject to General Jurisdiction*

If a defendant is subject to general jurisdiction in a forum, a plaintiff may bring any matter against the defendant in that forum, whether or not it relates to the defendant's contacts in that forum. *See Daimler AG*, 134 S. Ct. at 754. The ideal forum for asserting general jurisdiction over a defendant is the forum where the defendant is domiciled. *See id.* at 760 (*citing Goodyear*, 564 U.S. at 924). A corporation's domicile is where it is incorporated and where its principal place of business is located. *Id.* A court also may assert general jurisdiction over a foreign corporation relating to any and all claims against the corporation when the corporation's affiliations with the forum state are so "'continuous and systematic' to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919; *see also Noll*, 395 P.3d at 1026 n.5 ("For general personal jurisdiction, we analyze all of the defendant's contacts with the forum state.").

In this case, Jettech is a Colorado limited liability company, with its principal place of business in Rocky Mountain Metropolitan Airport in the city and county of Broomfield, Colorado. ECF No. 11 at 3. Therefore, Colorado is the ideal forum for asserting general personal jurisdiction over Jettech. *See Daimler AG*, 134 S. Ct. at 760. Jettech argues that it does not have affiliations with Washington so "'continuous and systematic' to render [it] essentially at home" in Washington. ECF No. 17 at 2; *see also Goodyear*, 564 U.S. at 919.

Plaintiffs do not contest that the standard for asserting general jurisdiction over an out-of-state plaintiff is very high and conceded at oral argument that general personal jurisdiction is not present under the circumstances of this case.

Accordingly, the Court finds that it does not have general personal jurisdiction over Jettech because Plaintiff has not shown that Jettech's contacts with Washington are so "'continuous and systematic' to render [it] essentially at home" in Washington. *Goodyear*, 564 U.S. at 919.

### *Jettech is Not Subject to Specific Jurisdiction*

Plaintiffs argue that "the Court here does not need general personal jurisdiction over the Defendant because it has specific personal jurisdiction." ECF No. 12 at 10.

Specific jurisdiction subjects a defendant to suit and comports with due process when the defendant directed its conduct at a forum and the plaintiff's injury arose out of that conduct. *See Burger King*, 471 U.S. at 472. Specific jurisdiction is a limited form of jurisdiction. *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011). "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear*, 564 U.S. at 919. To assert specific jurisdiction against a defendant who is not a resident of the forum state, the plaintiff must show "that the [forum state's long-arm statute] confers

personal jurisdiction over the nonresident defendant," and that the exercise of jurisdiction is in accord with due process principles. *Lake*, 817 F.2d at 1420.

**Long-Arm Statute**

Washington's long-arm statute provides courts situated in Washington the authority to assert specific jurisdiction over out-of-state defendants. *See* RCW 4.28.185. Specifically, the language of RCW 4.28.185 provides for personal jurisdiction in Washington for an out-of-state corporation where:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts: (a) The transaction of any business within this state.

In this case, Plaintiffs allege a breach of contract, the tort of conversion, and a violation of the CPA. *See* ECF 1-1. Plaintiffs assert that the long-arm statute extends to this matter because Jettech allegedly engaged in business within the state. ECF No. 12 at 9. Jettech does not dispute the applicability of the state long-arm statute to this case.

**Due Process**

The due process clause restricts specific jurisdiction to claims based upon the defendant's connections to the forum state and requires that a defendant have "fair warning" that its conduct may subject it to jurisdiction in a foreign state. *See Burger King*, 471 U.S. at 472–74; *see also Grange Ins. Ass'n v. State*, 757 P.2d 933, 934–36

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 7

(Wash. 1988) (applying this rule to the Washington long-arm statute). For specific personal jurisdiction, Washington courts "look only to those contacts related to the claim at issue." *Noll*, 395 P.3d at 1026, n.5. "Due process precludes Washington courts from extending long-arm jurisdiction over an out-of-state defendant unless that defendant has purposefully established minimum contacts here." *Grange Ins.*, 757 P.2d at 934. Before a court may assert specific jurisdiction, due process requires that the court find three elements: 1) purposeful minimum contacts exist between the defendant and forum state; 2) the plaintiffs' injuries arise out of, or relate to, those minimum contacts; and 3) the exercise of jurisdiction is consistent with the notion of "fair play and substantial justice." *Burger King*, 471 U.S. at 472–78; *see Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014); *see also Grange Ins.*, 757 P.2d at 936–37 (applying the *Burger King* test to determine whether a state court had specific jurisdiction). If plaintiff established the first two prongs of the test, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Schwarzenegger,* 374 F.3d at 802 (citing *Burger King*, 471 U.S. at 476-78).

### *Purposeful Availment and Minimum Contacts*

To establish purposeful minimum contacts, the defendant's "suit-related conduct must create a substantial connection with the forum State." *Walden*, 134 S. Ct. at 1121; *see Burger King*, 471 U.S. at 475–76. There must be proof of purposeful availment and purposeful direction of conduct at the forum state. *See*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 8

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). The defendant must perform some act which "purposefully avails [the defendant] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of [the forum state's] laws." *Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "This 'purposeful availment' requirement ensures that a defendant will not be hailed into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated contacts,' or of the 'unilateral activity of another party or third person.'" *Id.* (internal citations omitted).

Where a defendant deliberately engages in significant activities within a state or has "continuing obligations," the defendant has availed itself of the "privilege of conducting business there." *Id*. at 475–76. The Supreme Court has found that when a defendant has accepted the "benefits and protections" of the forum state, "it is presumptively not unreasonable" to assert jurisdiction in that state. *Id*. at 476. A one-off transaction is presumptively insufficient to confer jurisdiction in Washington. *See Boschetto* v. *Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) ("[T]he lone transaction for the sale of one item does not establish that the [nonresident defendants] purposefully availed themselves of the privilege of doing business in [the forum state].")

When reviewing minimum contacts related to contract-based claims, courts use a "highly realistic approach" and examine the "prior negotiations and contemplated future consequences, along with the terms of the contract and the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 9

parties' actual course of dealing." *Burger King*, 471 U.S. at 479. For intentional-tort cases, the proper focus of the "minimum contacts" inquiry is "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014).

The MacHughs argue that the Court has specific jurisdiction over Jettech because Jettech purposefully established sufficient minimum contacts in Washington. ECF No. 12 at 10-13. The MacHughs maintain that this was not a one-off transaction. Rather, Plaintiffs assert, Jettech solicited business in Washington, corresponded with Plaintiffs in Washington, maintained a database of Washington-based clients, and did business with a number of individuals and businesses in Washington. *Id.* Plaintiffs also assert that Jettech employees traveled to Washington. *Id.* at 4–5. The MacHughs argue that they received advertising materials directly from Jettech by email or mail, and that they had seen a Jettech flyer or pictures of Jettech's installations in a neighboring hangar. *Id.* Plaintiffs also state that Jettech attends an annual national trade show and has a website which advertises its services. *Id.* at 8. Plaintiffs argue that the solicitation of business in Washington amounts to purposeful availment in Washington. *Id.* at 13.

However, Jettech counters that the relationship between Jettech and the MacHughs was entirely based on a single transaction in the State of Colorado for the replacement of certain components of jet avionics equipment in the MacHughs'

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 10

aircraft. ECF No. 11 at 9. Jettech acknowledges that Plaintiffs claim that Jettech breached the agreement by producing faulty workmanship in Colorado and that Jettech also committed a tort or torts by not delivering one of the replaced avionics components to Plaintiffs following completion of the contracted work. *Id.* Jettech asserts that all of this alleged misconduct took place in Colorado and does not establish the required minimum connections with Washington. *Id.*

The Court considers only those contacts related to the claims at issue, because contacts not transactionally related to Plaintiffs' claims are not relevant for specific personal jurisdiction. *Noll*, 395 P.3d at 1026. In relation to Plaintiffs' claims, the Court finds that it is undisputed that Plaintiffs telephoned Jettech in Colorado, that Plaintiffs flew their plane to Colorado, that Plaintiffs and Jettech entered into an agreement for parts and services in Colorado, that Jettech performed work on the plane in Colorado, and that Plaintiffs retrieved their plane in Colorado. The Court finds Jettech's other business connections in Washington unrelated to Plaintiffs' claims in this matter. Likewise, the Court finds the allegation that Jettech attends an annual national trade show and has a website that advertises its services is unrelated to Plaintiffs' claims. Finally, the Court finds that Jettech's national advertising, which is directed to some aircraft brokers and airplane owners who reside in Washington, does establish contacts with Washington and demonstrates that Jettech availed itself of the "privilege of conducting business there." *Burger King*, 471 U.S. at 475–76. However, the Court finds that Jettech's advertising is not relevant to

Plaintiffs' claims, because Mr. MacHugh acknowledges that he did not receive any Jettech advertising prior to contacting Jettech. ECF No. 17-1 at 7. The Court concludes that Jettech's solicitation of business in Washington may constitute purposeful availment, and it continues with its analysis under *Burger King*, by considering the second prong of the test.

### *Claims Do Not "Arise Out of" Jettech's Contacts*

Under the second element required by *Burger King*, a plaintiff's injuries must arise out of the defendant's minimum contacts with the forum. *See Burger King*, 471 U.S. at 472–78. The Ninth Circuit assesses whether a plaintiff's injuries must arise out of the defendant's minimum contacts with the forum through the "but for" purposeful availment test. *See Shute v. Carnival Cruise Lines,* 897 F.2d 377, 384–85 (9th Cir. 1990), *rev'd on other grounds,* 499 U.S. 585 (1991). The "but for" purposeful availment test supports a finding that a plaintiff's injuries arise out of the defendant's minimum contacts with the forum if the plaintiff would not have been injured "but for" the defendant's minimum contacts with the forum state. *Id*. "In order for the arising-out-of factor to be met, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear*, 564 U.S. at 919).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 12

This second due process factor "requires a nexus between the cause of action and the defendant's activities in the forum state." *SeaHAVN, Ltd. v. Glitnir Bank*, 226 P. 3d 141, 152 (Wash. Ct. App., Div. 1 2010). The "proper analysis in tort cases as well as contract cases . . . looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). "The plaintiff cannot be the only link between the defendant and the forum." *Id.* (internal citations omitted).

Plaintiffs argue that *Shute* provides an analogous analysis for the facts in this matter. *See* ECF No. 12 at 14. In *Shute*, the Washington State Supreme Court ruled that but for the defendant's newspaper advertisements and other promotional materials within the state of Washington, the plaintiff would not have been injured on the defendant's cruise ship. *Shute*, 783 P.2d at 82. Plaintiffs argue that Plaintiffs' injuries arose directly from Jettech's contacts with Washington, because "but for the Defendant's advertising and sending employees to the state . . . the Plaintiffs never would have been aware of the Defendant." ECF No. 12 at 15.

Jettech contends that the underlying controversy at issue in this case concerns the performance of the agreement by Jettech in Colorado. *See* ECF No. 11 at 10–11. Jettech argues that Plaintiffs would not have filed suit "but for" the dispute over Jettech's performance. *Id.* Jettech argues that none of Jettech's alleged conduct that is the subject of Plaintiffs' claims in this matter relates to Washington. *Id.* Furthermore, Jettech asserts that it did not advertise to Plaintiffs.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 13

*See* ECF No. 17 at 4–5. In their response to Jettech's motion, Plaintiffs asserted that Jettech had advertised directly to Plaintiffs. ECF No. 12 at 6. However, Defendants cite to Plaintiff Dave MacHugh's sworn deposition testimony that he could not recall receiving any mailings or any other form of advertisement from Jettech during the relevant period. ECF No. 17-1 at 6–8. Thus, Jettech argues, Plaintiffs have failed to show that any alleged contacts with Washington constitute the "but for" cause of the lawsuit.

Because Plaintiffs' assertions of fact were controverted by the deposition transcript submitted by Defendant, in which Mr. MacHugh discounted his own prior declaration, the Court accepts Defendant's assertions of fact as true with respect to whether Defendant directly solicited Plaintiffs. *See Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

Jettech also contends that Plaintiffs rely on unrelated contacts in their attempt to establish that the Court has specific personal jurisdiction over Jettech. ECF No. 17 at 8–11. Jettech argues that because Jettech's alleged Washington contacts are not transactionally related to Plaintiffs' claims, the contacts do not satisfy the "but for" test and are not relevant for specific personal jurisdiction. *Id.* Jettech asserts that its alleged activity in Washington in relation to the Lampson jet in 2005-2006 is not related to the contract entered into with Plaintiffs in 2015, and thus has no nexus to Plaintiffs' claims. ECF No. 17 at 9–10. Jettech also argues that its alleged prior business relationships with two non-party aviation businesses

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 14

in Washington did not give rise to Plaintiffs' cause of action and, therefore, are not relevant to the specific jurisdiction analysis in this matter. *Id.* at 10; *cf.* ECF No. 12 at 7. Finally, Jettech rebuts the MacHughs' arguments that Jettech targets and advertises to Washington residents based on Jettech's website, attendance of trade shows, maintenance of customer mailing list and database, and sending of fliers and informational packets. ECF No. 17 at 10–11. Jettech contends that these activities are part of Jettech's national marketing efforts, but argues that "there is no connection between these efforts and Plaintiffs' cause of action." *Id.* at 11.

Jettech asserts that Jettech's only connections to Washington are wholly unrelated to Plaintiffs' injury. ECF No. 11 at 10-11. The Court agrees and finds that Jettech's suit-related conduct does not establish the minimum contacts requirement. The negotiation and execution of the agreement occurred outside of Washington. Jettech did not enter Washington as a part of its business with Plaintiffs, nor did Jettech seek out Plaintiffs at the outset. Furthermore, Jettech's performance, and alleged nonperformance, of the contract took place outside of Washington. This Court cannot assert personal jurisdiction over Jettech based upon Jettech's unrelated contact with other Washington customers, as they do not create a "but for" cause of Plaintiffs' injuries. *See Shute*, 897 F.2d at 385 ("The 'but for' test preserves the requirement that there be some nexus between the cause of action and the defendant's activities in the forum."). Therefore, the Court finds that Plaintiffs have not satisfied the second factor of the *Burger King* test.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 15

*Reasonableness*

If a plaintiff has not met his or her burden of establishing sufficient minimum contacts to support personal jurisdiction under the first two factors of the *Burger King* analysis, the burden does not shift to the defendant to make a compelling case that the exercise of specific jurisdiction would be unreasonable. *See Burger King*, 471 U.S. at 472–73.

Here, the Court concludes that Plaintiffs have not established that there are sufficient minimum contacts to support specific jurisdiction over Jettech, and, therefore, the Court makes no findings as to the reasonableness of asserting jurisdiction.

Taking the three elements of the *Burger King* test and the requirements of the Washington long arm statute into consideration, the Court finds that Jettech is not subject to specific jurisdiction in this Court in this matter.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss for Lack of Jurisdiction, **ECF No. 11**, is **GRANTED**.

2. Plaintiffs' claims against Defendant are **dismissed without prejudice**.

The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** October 3, 2018.   *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION ~ 16